**In re Nelson CROWDER, Individually, and d/b/a Crowder Construction Company, Bankrupt.**

**No. J–68–B–69.**

United States District Court
E. D. Arkansas,
Jonesboro Division.

June 13, 1969.

G. D. Walker, Frierson, Walker & Snellgrove, Jonesboro, Ark., for petitioner.

Bernard Goldstein, West Memphis, Ark., for trustee.

## MEMORANDUM OPINION

GORDON E. YOUNG, District Judge.

This matter is before the court on a petition for review of an order of the Referee denying the allowance of attorney's fees to R. S. Bowden, who was a secured creditor in this bankruptcy proceeding.

It is undisputed that the claim was placed in the hands of an attorney, Mr. G. D. Walker, after the bankruptcy proceedings were initiated. The claim was based upon two promissory notes, one in the amount of $10,000.00 which provided

that if the note should be in default and placed in the hands of an attorney for collection, then the maker "promises to pay as attorney's fees for collection 10% additional on the full amount due hereon." The other note was in the amount of $2,031.19 and contained a provision that the maker would pay "all costs of collection, including reasonable attorney's fees, if any part, principal, or interest, is collected after maturity with aid of an attorney."

At the first meeting of creditors the attorney appeared for his client, Mr. Bowden, and filed objections to sale free and clear of Mr. Bowden's alleged lien. The Referee overruled the objections, and Mr. Walker filed a secured claim in behalf of Bowden in the amount of $12,364.94. The assets of the estate were sold at public sale. On the advice of counsel, Mr. Bowden appeared at the sale and bid to protect his interest. After the sale Mr. Walker filed a motion for payment of principal and interest due on Mr. Bowden's claim and for an additional sum of $1,236.19 for attorney's fees. The Trustee did not object to Mr. Bowden's claim, which was paid, including principal and interest. The court reserved ruling on the attorney's fee until a separate petition requesting payment of same had been filed.

The Referee stated in his findings of fact that prior to filing the petition for fee he suggested that Mr. Walker and the Trustee see if they could agree on a reasonable fee, and they concurred on $500.00. Mr. Walker, on February 5, 1969, filed the separate petition for attorney's fees for that amount. The itemization required by § 62(d) of the Act, 11 U.S.C.A. § 102(d), recites that 15 hours of professional services were rendered from November 11, 1968, through February 1, 1969.

The Referee found that the attorney, not having rendered any professional services prior to the date of bankruptcy, no allowance should be made for his proving the claim of his client.

Thus, the issue presented is whether a provision contained in two promissory notes for the payment of attorney's fees, in the event the note should be placed in the hands of an attorney for collection after default, is enforceable as a claim in bankruptcy, where the attorney was retained and rendered services after the adjudication in bankruptcy.

■ The Supreme Court of the United States, in Security Mortgage Co. v. Powers, 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236 (1928), held that the validity of a provision in a note or mortgage for attorney's fees was governed by the laws of the state where the contract was made, and that if valid under the laws of that state such a contract might be enforced in bankruptcy. Both parties agree that provision in a promissory note for payment of reasonable attorney's fees not to exceed ten per cent is enforceable under both statutory and case law in Arkansas.

The Referee in his conclusions of law has cited Collier on Bankruptcy, 14th Edition, § 62.29(3), p. 1584, in support of his denial of attorney's fees. This section seems to deal with attorneys' services for creditors generally, whereas the issue at hand deals with compensation for services which have been specifically provided for in the instruments executed by the bankrupt. This subject is dealt with in § 63.15 of Collier, which also discusses the distinction between cases decided prior to the 1938 Amendment to the Bankruptcy Act and the more recent cases.

On page 1852 of the above-cited section, in speaking of the more recent cases, Collier states:

"They allowed a stipulated reimbursement of expenses for legal services rendered after the institution of bankruptcy proceedings, as long as the contract clearly so provided and the amount was not unreasonable."

Continuing, at page 1853, the same author states:

"Hence, claims for stipulated attorney's fees should under the present Act not be disallowed because bankruptcy intervened before the debt ma-

tured, or before the claim was put into the hands of an attorney, or before any legal services were rendered, provided—and this prerequisite is ever present—that the stipulation actually calls for the reimbursement of expenses for the particular services in question."

Again, at page 1854, we find the following statement:

"Unless the stipulation itself fails to contemplate the services rendered, it would seem that a claim should not be disallowed only because the otherwise meritorious services are rendered in the bankruptcy proceedings."

In the case of In re Mill City Plastics, Inc., 129 F.Supp. 86 (D.C.Minn.1955), page 91, the court stated the services:

"* * * performed by counsel for petitioner in drawing its proof of claim, in drawing the petition submitted to the Referee, in appearing at the hearing held by the Referee, and in presenting this petition for review were rendered in a good faith attempt to recover what it believed was due it under the provisions of the notes and mortgages."

The court held that:

"The Referee erred, however, in refusing to allow a reasonable sum as attorney's fees incurred in petitioner's attempt to collect on the notes."

In Blackford v. Commercial Credit Corp., 263 F.2d 97 (5 Cir. 1959), the court held that where the contract between the bankrupt and the assignee of certain accounts receivable provided for attorney's fees and the Trustee agreed as to the reasonableness of the fee, allowance of attorney's fees to the assignee was proper.

The court in Brown v. Security National Bank of Greensboro, 200 F.2d 405 (4 Cir. 1952), stated on page 408:

"It has been held that, where payment of counsel fees is provided for out of the proceeds of property conveyed as security, such fees are properly allowed when the property is sold, not in a foreclosure proceeding by the mortgagee, but in a bankruptcy proceeding of the mortgagor, where the property is sold free of liens. In re Kashmir Refining Co., 2 Cir., 94 F.2d 652; Cf. Tawney v. Clemson, 4 Cir., 81 F.2d 300."

There is some authority to the effect that there is a distinction between the allowance of attorney's fees against the general estate as distinguished from allowance out of the proceeds of specific property covered by various mortgages, but we do not reach discussion of this point in the case at bar because the sale of the property involved herein brought in excess of an amount sufficient to pay the petitioner's lien and the attorney's fee claimed in this case.

■ We will not attempt to discuss the citations in Trustee's brief at length, but a number deal with cases prior to the 1938 Amendment to the Bankruptcy Act, and others deal with situations in which there was no contractual provision to pay attorney's fees at the time the obligation was incurred. We agree with other citations holding that the cost of administration in bankruptcy matters should be held to a minimum in order to protect all creditors as fully as possible.

■ However, this is a specific situation in which services have been rendered by the attorney, the notes provided for payment of the attorney's fees, the Trustee and attorney agreed upon the reasonableness of a fee of $500.00, and the sale of the mortgaged property brought more than an amount sufficient to pay the petitioner's lien and the attorney's fee. Under these circumstances, in light of the above cited cases, we think the allowance of an attorney's fee is proper.

Petitioner's request that the fee be increased to compensate for services in connection with this review will be denied.

The petition for review will be granted and the cause remanded to the Referee to allow such attorney's fee in the sum of $500.00.