**In re HOTEL ASSOCIATES, INC., Robert B. Miller, Stanton R. Miller, a partnership "the Drake", Debtors.**

**Bankruptcy No. 79–02203K.**

United States Bankruptcy Court, E.D. Pennsylvania.

March 21, 1983.

---

Alison D. Knox, Philadelphia, Pa., for trustee.

Peter M. Breitling, George B. Clothier, Philadelphia, Pa., for trustees of the Central States, SE and SW Areas Pension Fund, etc.

Pace Reich, Philadelphia, Pa., for debtor.

David W. Marston, Philadelphia, Pa., trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This matter comes before the Court for consideration of applications for compensation filed by counsel for the trustee and counsel for the debtor. Upon review of the applications, and after hearing held on February 8, 1983, we will grant the trustee's application in part. We find, however, that certain services rendered by counsel to the trustee are not compensable. The application of counsel for the debtor will also be granted in part. Distribution to debtor's counsel, however, will be withheld pending final distribution to all administrative claimants.[1]

## I. THE APPLICATION OF COUNSEL FOR THE TRUSTEE

Pursuant to our Opinion and Order of September 5, 1980, the major secured creditor in this case established an escrow account to create a fund to guarantee payment of the trustee's substantial administrative costs. See 6 B.R. 108 (Bkrtcy.E.D. Pa.1980). Interim compensation against said escrow account has previously been allowed. The instant application requests the Court to authorize an additional interim allowance. We find this application to be in compliance with previous Orders of this Court. Further, we find the services rendered to be reasonable and necessary.[2] Accordingly, the Court will enter an Order allowing the compensation as set forth in the application. Our Order will provide that compensation shall be paid only from the aforementioned escrow account and not from any funds of the debtor's estate.

Also, counsel to the trustee has requested compensation for time spent in preparing the fee application. Although counsel has submitted a well-written and well-researched memorandum of law, the Court

---

1. This Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

2. The Bankruptcy Code, § 330, provides that:
   (a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

   (1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title; and

   (2) reimbursement for actual, necessary epxenses.
   11 U.S.C. § 330.

does not find it persuasive. The authorities cited by counsel are outside this Circuit. In a previous Memorandum Opinion we followed the case law, as developed in the Third Circuit, in holding that the preparation of a fee application is a non-compensable task. *In re Hotel Assoc.,* Bky. No. 79–02203 (Bkrtcy.E.D.Pa., Sept. 16, 1981). Our memorandum stated that:

> Counsel for the trustee further requests compensation for twenty-four (24) hours spent in preparing time sheets and the fee application. While such services are urged as legal services, there is a substantial question as to whether such are compensable.[4]

While it is true that in order for counsel for the trustee to be compensated, a fee application must be prepared and submitted to this Court; it is equally true that by so doing, counsel is protecting *personal interests.* In addition, Rule 219(c)(3) requires that compensation only be allowed for the performance of professional legal services.[5] The term "legal services" implies benefit to the estate, whereas the real beneficiary of this service is the attorney applicant. *Giuliano Verna, Inc.,* 77–800(K) at 10.

The present issue of whether the time spent in the preparation of a fee application is a compensable service is not one of first impression before this Court. In the case of *Optical,* No. 76–349(K), at 1, compensation ws sought for the time spent in the preparation of the fee application. In disallowing the attorney's claim, the Court in *Optical* stated:

> Preparation of the application for compensation and work incidental thereto, while arguably a legal service is non-compensable since it does not further the interests of the debtor but benefits only counsel. *In re Gordon S. Miller,* Bankruptcy No. 75–581 (Bankruptcy Ct.E.D.Pa. April 21, 1978), *See also, Lindy Bros. Builders, Inc. v. Am. Radiator,* 540 F.2d 102, 111 (3rd Cir., 1976). To allow counsel compensation for the time spent seeking compensation would do violence to the principle of economy

in bankruptcy proceedings and allow counsel to recover its costs for time spent representing its interests rather than providing professional services to the estate.

*Optical,* No. 76–549(K) at 3. Although the *Optical* decision was commenced under the prior Bankruptcy Act,[6] we see no reason to depart from either its logic or conclusion. Accordingly, we find that the twenty-four (24) hours spent in preparation of the fee application are of no benefit to the estate and, therefore, do not represent compensable services within the purview of the Bankruptcy Code or the Rules of Bankruptcy Procedure.

---

[4] *See [In Re] Meade [Land and Development Co., Inc.],* 527 F.2d [280] at 285, n. 5, 6 [ (3rd Cir.1975) ].

[5] *See Meade,* 527 F.2d at 284. *See also, Cle-Ware [Industries Inc. v. Sokolsky],* 493 F.2d [863] at 874 [ (6th Cir.1974) ]; *[In Re] Mabson [Lumber Co.],* 394 F.2d [23] at 24 [ (2nd Cir.1968) ]; *[In Re] Hardwick [& Magee Co.],* 355 F.Supp. [58] at 74 [ (Pa.1973) ].

[6] Former 11 U.S.C., superseded by the Bankruptcy Reform Act PL. 95–598.

*Hotel Assoc., supra* pp. 6–7.

## II. THE APPLICATION OF COUNSEL FOR THE DEBTOR

Counsel for the debtor requests the Court to allow compensation for attorney's fees in the amount of $42,684.50. A retainer of $10,000 was paid at the commencement of the case. The Court understands the plight of counsel for the debtor in this case. They have rendered extensive legal services in the matter, without concomitant reward. This Chapter 11 proceeding, for example, was filed in late 1979. The services rendered by counsel are concentrated in 1980 and early 1981. Almost two years later, they are still awaiting payment.

Discovering a source of compensation for counsel for the debtor, however, poses a problem. The escrow account was established solely to protect the trustee. According to representations by counsel for the trustee, the estate is comprised of only

$8,00\overline{0}$ (approximately). To permit counsel for the debtor to absorb this fund would work to the detriment of any other administrative creditors. Counsel for the trustee further represented that only one adversary proceeding remains pending before the Court. Upon reaching a conclusion in that matter, it would be possible to expeditiously close the case. At such time, the trustee would be in a position to make distribution to all administrative claimants. Furthermore, counsel for the trustee indicated that the pending litigation, if successful, had the potential to bring more assets into the estate. The Court, therefore, concludes that decision on this application should be deferred.