**In re HORN & HARDART BAKING COMPANY, Debtor.**

**Bankruptcy No. 81–03552K.**

United States Bankruptcy Court, E.D. Pennsylvania.

June 21, 1983.

Gerald J. McConomy, Myron A. Bloom, Philadelphia, Pa., for debtor.

Marvin Krasny, Philadelphia, Pa., for Official Creditors' Committee.

Maurice Baehr, Philadelphia, Pa., Trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The Court has been presented with numerous applications for compensation by the Counsel for the Debtor and the Official Creditors' Committee in the instant Chapter 11 case. In order to simplify discussion and reference, we will examine each individually.[1]

*I. The Amended Application of Wolf, Block, Schorr and Solis-Cohen, Esquires, for Interim Compensation pursuant to Section 331 of the Bankruptcy Code.*

Pursuant to our Order of October 4, 1982, Counsel for the Debtor has submitted an amended fee application. The Court will examine the application by reviewing the services which have been rendered by each attorney or paralegal.

A. Myron Bloom, Esquire

The application shows that Mr. Bloom spent 83.3 hours of time on this case. In accordance with the entries made upon the original application, the Court will disallow eight (8) hours on the basis that the application impermissibly lumps together several services. We further find that a reasonable hourly rate for the services rendered by this attorney is $120.00. A fee of $9,036.00 will be awarded for the services rendered by this attorney.

B. Howard Bregman, Esquire

The application seeks compensation for 10.8 hours of legal services. We find this application satisfactory and award an hourly fee of $120.00. A total of $1,296.00 will be allowed on this basis.

C. David Bucholz, Esquire

The application seeks compensation for 2.7 hours of legal services. The Court finds

that $120.00 is a reasonable hourly rate. A fee of $324.00 will be awarded.

D. Gerald Chamberlain, Esquire

The application for this attorney was satisfactory and the fee requested of $3,306.00 will be approved.

E. Lewis Gantman, Esquire

The application seeks compensation for 22.7 hours of legal services. The Court finds a fee of $120.00 to be reasonable for these services. Accordingly, compensation in the amount $2,724.00 will be allowed.

F. Phillip Garber, Esquire

Compensation will be allowed this attorney at the rate of $120.00 per hour for one-half of an hour of professional services. A fee of $60.00 is allowed.

G. Louis Goffman, Esquire

The application seeks approval of 4.7 hours of legal services. The Court finds a fee of $175.00 per hour to be fair and reasonable. A fee of $822.50 will be awarded.

H. Gregory Greenfield, Esquire

The Court will award the fee of $1,242.00 as requested in the application.

I. Lisa Heyman, Esquire

In describing the services rendered by this attorney, the application is rendered nearly meaningless by the constant use of abbreviations and initials. The Court should not be required to wade through a maze to justify a fee request. The burden is on the party seeking compensation to provide the Court with sufficient information to justify the fee. We do not doubt that Ms. Heyman rendered proper service, but this particular application challenges comprehension. Also, the application lacks specificity concerning particular services. (e.g., Adelman call). The Court will disallow this request for compensation unless further, more complete information is provided.

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

J.   Stephen B. King, Esquire

Compensation for 5.0 hours of legal services is sought. The Court will allow these services and finds that $150.00 per hour is reasonable. A fee of $750.00 is allowed.

K.   Leslie Kivitz, Esquire

Compensation for 11.1 hours of legal services is requested in the application. We find that a fee of $100.00 per hour is reasonable and will award a fee of $1,110.00.

L.   Stephen Levin, Esquire

Compensation for 1.5 hours at the rate of $120.00 per hour will be awarded to this attorney. A fee of $180.00 is fair and reasonable for these services.

M.   Ivan Light, Esquire

In this instance, we find that a fee of $175.00 per hour to be fair and reasonable for this attorney's specialized tax advice. The request for approval of 2.1 hours of legal services will be allowed, resulting in a fee of $367.50.

N.   Gerald McConomy, Esquire

Of this claim for compensation of 65.2 hours for professional services, 20.9 hours will be disallowed on the basis that the application does not provide the necessary itemization of services. An additional 3.1 hours will be disallowed because the application lumps services together in one request. The particular hours disallowed are noted on the original application. The Court further finds that a fee of $175.00 per hour is fair and reasonable for the services rendered by this attorney. A fee of $7,210.00 will be allowed.

O.   Mitchell Panzer, Esquire

The application requests approval of 1.4 hours of legal services. The Court finds a fee of $280.00 to be reasonable for these services.

P.   Diane Sigmund, Esquire

Of this fee request, 1.2 hours will be disallowed on the basis that the application does not provide the Court with sufficient information. Entries such as "Orcap" are clearly devoid of information and the Court and parties in interest should not be required to speculate as to the services rendered. The Court will allow the remaining 8.5 hours at a fee of $120.00 per hour, resulting in compensation of $1,020.00.

Q.   Robert Silverman, Esquire

Complete information was supplied and the Court will allow the fee requested in the sum of $2,292.00.

R.   Michael Temin, Esquire

Complete information was supplied and the Court will allow the fee requested in the sum of $6,539.50.

S.   Robert Wachs, Esquire

Complete information was supplied and the Court will allow the fee requested in the sum of $300.00.

T.   Lisa Axt, Paralegal

A total of 55.7 hours of services is presented in this fee request. The Court will disallow 25.2 hours spent in preparing the fee application on the basis that this is not a compensable service. The Court will disallow an additional 13.3 hours on the basis that several services are impermissibly lumped together in one entry. Finally, 1.1 hours will be disallowed on the basis that insufficient itemization of the services is shown in the application. The particular dates for which compensation has been disallowed are noted on the original application. The Court finds that 16.1 hours will be allowed at a rate of $34.00 per hour. A fee of $547.40 will be allowed.

U.   Susan Boyer, Paralegal

In this instance, 2 hours will be disallowed on the basis that the application does not provide the Court with sufficient information. The rate of $41.00 per hour will be allowed for 5.1 hours. A fee of $210.00 will be awarded.

V.   Carol Buckalew, Paralegal

The Court will award the fee of $310.00 as requested.

W.   Alison Honig-Fein, Paralegal

This request is based on the fact that this paralegal collected time sheets.

We cannot conceive how this service benefited the debtor. Furthermore, the preparation of a fee application is not a compensable service. No fee will be allowed.

### X. Elizabeth Pincus, Paralegal

This request will be disallowed on the basis as set forth in the immediately preceding paragraph.

### Y. Thomas Quarles, Paralegal

██ The Court finds that delivery of papers to the Court House is not a legal service for which the debtor should bear the cost. The fee is disallowed.

### Z. G. Mehluish, Paralegal

Complete information was supplied and this fee will be allowed as requested in the sum of $1,517.60.

Conclusion:

On this application, the Court will award counsel for the debtor compensation for professional legal services in the sum of $41,444.50.

### II. The Second Application of Wolf, Block, Schorr, and Solis-Cohen, Esquires, for Interim Compensation pursuant to Section 331 of the Bankruptcy Code.

The Court will examine this second application by reviewing the services which have been rendered by each attorney or paralegal.

### A. Myron Bloom, Esquire

Compensation is sought for over 300 hours of legal services rendered by this attorney. Upon review of the application, the Court must disallow 12.5 hours spent in preparing the fee application. An additional 4.9 hours will be disallowed for impermissibly lumping several services together in one entry. The Court will allow 313 hours of legal services at a fee of $120.00 per hour. A total fee of $37,560.00 will be awarded for this attorney's services.

### B. Howard Bregman, Esquire

Compensation for 9.8 hours of professional services will be allowed at a fee of $120.00 per hour, resulting in a total fee of $1,176.00.

### C. Lewis Gantman, Esquire

Of this request, 1.3 hours will be disallowed on the basis that the application does not set forth sufficient information. The other 10.8 hours will be allowed at the rate of $120.00 per hour. A total fee of $1,296.00 will be awarded for this attorney's services.

### D. Jay Goldberg, Esquire

This request of .2 hours will be disallowed on the basis that the application does not provide the Court with sufficient information to award a fee.

### E. Gregory Greenfield, Esquire

Compensation will be allowed this attorney in the amount of $1,026.00 for 17.1 hours at the rate of $60.00 per hour. Further compensation will be allowed at the rate of $85.00 per hour. We find no basis for the sudden increase from $60.00 to $102.00 per hour requested in the application. A total fee of $8,140.50 will be allowed.

### F. Lisa Heyman, Esquire

The application requests the Court to allow compensation for 113.7 hours of service. The Court must disallow 26 hours spent on preparing the fee application on the basis that this is not a compensable legal service. An additional 13.5 hours will be disallowed on the basis that the entries for which compensation is requested do not provide the Court with sufficient information to justify an award of counsel fees. The particular entries which have been disallowed are noted on the original fee application. A total of 74.2 hours will be allowed at a fee of $100.00 per hour. The total fee awarded for this attorney's services will be $7,420.00.

### G. Seymour Kurland, Esquire

This fee request for .4 hours of legal services must be denied on the basis that counsel cannot be compensated for work performed on the application for approval of fees.

**H.  Bernard Lee, Esquire**

Compensation for one hour spent in conference on the lease agreement will be allowed. The Court finds $120.00 to be a reasonable hourly rate for this service.

**I.  Ivan Light, Esquire**

This fee request did not provide the Court with sufficient information to support an award of fees. Therefore, approval for the 2.7 hours of legal services will be denied.

**J.  Gerald McConomy, Esquire**

█ Compensation is sought for 82.9 hours of legal services. The Court must disallow 11.4 hours on the basis that the application does not provide sufficient information. These hours were all spent at Board of Directors' meetings. While Mr. McConomy's presence at the meeting may have been necessary, the application does not set forth what service he rendered at the meeting or why his presence was required. An additional 1.1 hours must be disallowed for the time spent on the fee application. The Court finds $175.00 to be a reasonable fee for Mr. McConomy's services. The Court will allow 70.4 hours, resulting in a total fee of $12,320.00.

**K.  Michael Temin, Esquire**

Sufficient information was provided and this fee request will be allowed for the full amount set forth in the application, *viz.*, $7,113.50.

**L.  Diane Sigmund, Esquire**

The Court finds that the 3.2 hours of service rendered by this attorney are compensable at the rate of $120.00 per hour. A fee of $384.00 is allowed.

**M.  Robert Wachs, Esquire**

This attorney rendered 1.3 hours of legal service which will be compensated at the rate of $200.00 per hour. A fee of $260.00 is awarded.

**N.  Lisa Axt, Paralegal**

This entire fee request is comprised of services performed in connection with the preparation of fee applications. As such, it will be entirely disallowed.

**O.  Elizabeth Carlton, Paralegal**

This entire fee request is comprised of services performed in connection with the preparation of fee applications. As such, it will be entirely disallowed.

**P.  Elizabeth Pincus, Paralegal**

This entire fee request is comprised of services performed in connection with the preparation of fee applications. As such, it will be entirely disallowed.

**Q.  Daniel Bussell, Paralegal**

This request is satisfactory and will be allowed in the sum of $324.00 as set forth in the application.

**R.  Thomas Quarles, Paralegal**

This fee request is satisfactory and will be allowed in the sum of $64.50 as set forth in the application.

**S.  Gary Melhuish, Paralegal**

Of this request, 1.6 hours will be disallowed on the basis that time spent in preparing a fee application is not compensable. The remaining 28.4 hours will be compensated at the rate set forth in the application. A fee of $774.00 will be allowed.

**T.  Patricia Horton, Paralegal**

█ Compensation is sought for over 250 hours of alleged services. The Court will disallow 237.7 of these hours. These hours were all spent in such mundane tasks as file maintenance or photo-copying. The Court will not permit the debtor's estate to bear this cost. These charges, if anything, are a cost of doing business for the attorneys. [Indeed, when the Court awards such generous hourly rates, it does so with the inference that clerical and support staff are to be compensated by the law firm and not the client.] The other disallowances are comprised of hours spent in preparing a fee application. The Court will allow 23.6 hours for a total fee of $1,180.00.

**Conclusion:**

On this second application, the Court will award counsel for the debtor compensation

in the sum of $80,706.00 for professional services rendered to the debtor.

III. *The Application of Adelman, Lavine, Krasny, Gold and Levin, Esquires, Counsel for the Creditors' Committee, for Interim Compensation.*

The Court will examine the application by reviewing the services which have been rendered by each attorney.

A. Alexander Adelman, Esquire

Compensation is sought for 28.7 hours of legal services. The Court will disallow 5 of these hours on the basis that the application does not provide sufficient information to justify an award of fees. The particular hours which have been deducted are noted on the original application. A fee of $4,740.00 will be allowed.

B. Marvin Krasny, Esquire

Compensation is requested for 65.5 hours of legal services. The Court will disallow 5 of these hours on the basis that the application does not provide sufficient information to justify an award of fees. The particular hours which have been disallowed are noted on the original application. A fee of $10,-500.00 will be allowed.

C. Nathan Lavine, Esquire

Sufficient information is provided and the Court will award the fee of $400.00 requested in the application.

D. Robert Levin, Esquire

The Court will award the fee of $87.50 requested in the application.

E. Richelle Hittinger, Esquire

The Court will award the fee of $330.00 requested in the application.

F. Gary Schildhorn, Esquire

The Court will disallow .2 hours for which a fee is requested on the basis that insufficient information is provided in the application. The remaining 2.8 hours will be allowed. A fee of $280.00 is approved for this attorney's services.

G. Sara Kalb, Esquire

Compensation is sought for 56.4 hours of legal services. The Court will reduce the hourly rate for 4.8 hours for which compensation is sought to $40.00 per hour on the basis that her services consisted largely of accompanying Mr. Krasny to hearings. We realize that Ms. Kalb was new to our Court at this time and hope that she learned from the experience. There is no doubt, however, that the firm should not be compensated at her full hourly rate for such duplicative services. A fee of $4,590.00 will be allowed.

Conclusion:

On this application, the Court will award counsel for the committee the sum of $20,-927.50 for professional services rendered to the committee.

IV. *Discussion.*

Common problems appeared in all three of the foregoing applications. Although the Court briefly discussed these issues in addressing the specific fee requests, a more extensive examination of these problems will be undertaken at this point. The Court will particularly address the major areas where fees have been disallowed.

A. Preparation of the Fee Application

■ Services rendered by the aforementioned attorneys and paralegals in preparation of the fee application are, as a matter of law, not compensable from the estate. The present issue is not one of first impression before this Court. In the case of *In re Optical Scanning,* No. 76–349(K), compensation was sought for time spent in preparation of the fee application. However, such compensation was disallowed. Our more recent opinion in the case of *In re Hotel Associates, Inc.,* 10 B.R. 668 (Bkrtcy.E.D.Pa. 1981) and an additional opinion in the same case published at 28 B.R. 332 (Bkrtcy.E.D. Pa.1983) rely upon the reasoning and analysis of the *Optical* case in disallowing requests for compensation for time spent in preparation of a fee application.

This Court is also cognizant of the ruling of the Third Circuit Court of Appeals in this regard. In the case of *Lindy Bros. Builders, Inc. v. Am. Radiator, Etc.,* 540 F.2d 102,

111 (3d Cir.1976) (Lindy II), the Court held that services rendered in connection with a fee application are not compensable. On the basis of this well-established authority, all requests for compensation in connection with the fee application will be denied.

**B. Failure to Provide Adequate Information**

■ The requirement that counsel adequately explain time entries for which compensation is sought has been addressed by this Court.

> *The Court does not require a fee application the size of a boring victorian novel. However, in light of the fact that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors, the Court believes that a justification of such fees in the application for compensation is not an overly burdensome task.*
>
> In this particular case, 22.5 hours have been disallowed because the Court has not been provided with a sufficient basis to justify the amount of time in question. *The Court feels that the burden is on the attorney seeking compensation to establish the amount. The Court will not delve through the record of an extensive case such as this one, in order to justify legal fees which counsel has not adequately documented in application.* (emphasis added)

*In re Hotel Associates, Inc.,* 15 B.R. 487, 488 (Bkrtcy.E.D.Pa.1981).

We have defined the standard that must be applied to determine if the request for fees is supported by adequate information.

> Our mandate in this matter is clear: definitive time records are prerequisite to other more subjective inputs to our evaluation.... The Court of Appeals requires us to calculate our fee award on the basis of "adequate records" ... *Our definition of an adequate record is one which provides, at a minimum, a date, the number of hours spent, as well as the hours of the day spent on a task that date, ... and a short concise statement of the task—for each task.* (emphasis added).

*In re Meade Land and Development Co., Inc.,* 69–357WK; affirmed on appeal, 577 F.2d 858 (3d Cir.1978).

Numerous entries on the applications under consideration are either baffling or devoid of information. The Court should not be required to indulge in guesswork, nor undertake extensive labor to justify a fee for an attorney who has not done so himself. We do not find it to be an unbearable burden to require an attorney seeking compensation to enlighten the Court as to the nature of his toil and the relation it bears to the matter at hand. Absent such a statement, compensation may not be allowed.

**C. The So-Called "Lumping" of Services.**

■ For want of a better or more descriptive term, this Court has denominated the practice of placing several legal services together in one time frame as "lumping". As a matter of law, services which have been lumped together cannot be compensated.

This Court has consistently held that it is impossible to justify an award of fees when counsel has lumped several services together under one entry. *Meade, supra, In re Barsky,* 17 B.R. 396 (Bkrtcy.E.D.Pa.1982). For example:

> Mr. Sachs has lumped together many of the legal services that he claims to have performed for the debtor in his itemized schedules, in that three or four services appear under one general time expenditure. As a result, it is impossible for the Court to accurately determine what services were rendered. This Court is not permitted to speculate as to how much time has been expended to perform each of the itemized services.[8] Thus, the lumped-together portions of Co-Counsel Sach's application for allowances must be disallowed for failure to document the services performed with the degree of specificity required by this Court.[9]

. . . .

...... has neglected to meet the *Meade* requirements of adequately documenting, with specificity, the services provided to the debtor. General statements will not justify fee awards. Lumping-together services and failure to adequately specify how much time has been expended for each individual service is not acceptable for the Court's inspection and evaluation.

*In re Nation-Ruskin, Inc.,* 22 B.R. 207, 210 (Bkrtcy.E.D.Pa.1982). (footnotes in original).

### D. Costs

■ The major component of both counsels' request for reimbursement of costs is photocopying expense. Counsel for the debtor requests the Court to award in excess of $4,000 in copying costs. The xeroxing bill for counsel for the committee is over $500.00.

The invention of the photocopier was a tremendous technical advance which rescued lawyers from the considerable expense of having a scrivener hand-copy all documents in a case. A photocopier is a great benefit for a law firm. The Court, however, views photocopying as a cost of doing business. It is hard to imagine how this expense can be passed on to the client. In a similar vein, should a law firm be allowed to charge their clients a percentage of the office rent and phone bill? The Court thinks not. There is absolutely no justification for charging the client the cost of these modern conveniences for lawyers.

Therefore, the requests relating to photocopying are disallowed and the remainder of the applications for reimbursement of costs are approved.