**In re Maxwell Richard TROMBLEY, Debtor.**

**Bankruptcy No. 83–72.**

United States Bankruptcy Court, D. Vermont.

June 29, 1983.

Stephen Alan Dardeck, Rutland, Vt., for Rutland Bank.

John E. McCamley, Rutland, Vt., for debtor.

Alan R. Medor, Trustee, pro se.

MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The matter for determination is whether the Rutland Bank, a secured creditor, is entitled to be allowed as part of its secured

indebtedness, any reasonable attorney's fee, pursuant to § 506(b) of the Bankruptcy Code which provides as follows:

"(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose."

The Rutland Bank is a secured creditor by virtue of a real estate mortgage executed by the Debtor to the Bank on October 16, 1978 and recorded in Book 27, Pages 369–370 of the Rutland Town Land Records. This mortgage secures the payment of a promissory note dated January 11, 1982 apparently under the dragnet clause of said mortgage which requires the Debtor to pay "any and all other notes, heretofore, and at any time, and from time to time hereafter, executed by M. Richard Trombley," who is the Debtor. The note in the principal sum of $51,000.00 payable with interest at 14% in monthly installments of $634.20 beginning February 1, 1982. The pertinent part of said note under which the Bank claims reasonable attorney's fees reads as follows:

"If suit is brought to collect this Note, the Note holder shall be entitled to collect all reasonable costs and expenses of suit, including, but not limited to, reasonable attorney's fees."

The motion of the Bank for attorney's fees and costs alleges that it received an Order For Meeting of Creditors combined with notice thereof and of automatic stay which order provided for a first meeting of creditors on May 11, 1983 and indicated that creditors may file their claims at the meeting; that the attorney for the Bank attended the first meeting of creditors, filed a proof of claim and a conditional acceptance of the Plan (this being a Chapter 13 proceeding) and by letter dated May 23, 1983 provided the Debtor's attorney with the amount of the indebtedness due under the mortgage.

The Bank's acceptance of the Chapter 13 Plan was conditioned upon the payment of its secured claim filed May 11, 1983 including costs and reasonable attorney's fee. The Bank is seeking $250.00 for reasonable attorney's fees covering the services performed by its attorney in prosecuting its secured claim. In addition, it seeks another $250.00 for reasonable costs in the prosecution of the motion for attorney's fees and costs.

The real estate subject to the mortgage held by the Bank was sold by the trustee and all of the secured indebtedness has been paid, excluding the amount claimed by the Bank for attorney's fees. Debtor objects to the payment of any attorney's fees to the Bank on the ground that such allowance is predicated upon bringing of a suit to collect the mortgage note and he maintained that, since no suit was brought, there is no obligation on the part of the Debtor to pay any attorney's fees. If the costs and attorney's fees are not paid the conditional acceptance of the Bank becomes a rejection, but this will not affect the consumation of the Plan by the Debtor, in the event that the Court determines that the Bank is not entitled to attorney's fees. With such a determination the rejection of the Bank to the Plan becomes moot since all of its other secured indebtedness has been paid in full and, as a result, the Bank will not be impaired by the Plan.

## DISCUSSION

It is conceded that the Bank is oversecured in that the property was sold by the Trustee for a sum greater than the amount of the Bank's claim. In this event the Bank would be entitled to the first $250.00 that it is requesting as a reasonable fee for the services performed by the attorney provided that it can satisfy the other requirements under § 506(b) which limits the allowance to "any reasonable fees, costs, or charges provided under the agreement under which such claim arose". In the instant case the agreement is the promissory note which gives the holder of such note a right to collect reasonable attorney's fees "IF

SUIT IS BROUGHT TO COLLECT THIS NOTE".

■ The American rule is that a litigant should bear the cost of his attorney's services in the absence of a statute or an enforceable contract. *F.D. Rich Co. Inc. v. U.S. ex rel. Industrial Lumber Co. Inc.* 417 U.S. 116, 128–31, 94 S.Ct. 2157, 2164–2166, 40 L.Ed.2d 703; *Hale v. Cole* 412 U.S. 1, 4, 93 S.Ct. 1943, 1945, 36 L.Ed.2d 702; *In Re Lyco Truck Sales & Service, Inc.* (Bkrtcy.M. D.Pa.1982) 28 B.R. 408, 409.

Although there is considerable conflict as to the validity of a provision or stipulation in a contract note, or other instrument, for attorneys' fees or costs of collection or legal expenses, the rule in most jurisdictions, apart from any statutory provision to the contrary, is that such a provision or stipulation is valid; it is regarded as a reasonable provision for reimbursement or indemnity to the creditor against the expenses incident to a default on the part of the debtor, which is not against public policy if an unreasonable or oppressive sum is not specified. 17 Am.Jur.2d 517 § 164.

■ Under the Code, however, the enforceability of contractual provisions relating to attorney's fees should be determined by federal law (i.e. section 506(b)). 3 Collier 15th Ed. § 506.05 pages 506–40, 41. This Court has allowed such fees to a secured creditor when the required criteria have been met. *In re International Coins & Currency, Inc.* (Bkrtcy.D.Vt.1982) 7 C.B.C.2d 780, 26 B.R. 256.

■ Accordingly, if the Bank has complied with the provision of the mortgage note by bringing a suit to collect it a reasonable attorney's fee should be allowed. The term "suit" has generally been replaced by the term "action" which includes actions both at law and in equity; as such the term refers to any civil proceeding by one person or persons against another or others in a court of justice in which the plaintiff pursues the remedy which the law affords him for the redress of an injury or the enforcement of a right. Black's Law Dictionary (5th Ed.1979) citing *Kohl v. U.S.,* 91 U.S. 367, 375, 23 L.Ed. 449; *Weston v. Charleston,* 27 U.S. (2 Pet.) 449, 464, 7 L.Ed. 481.

At the hearing the Bank submitted no testimony to establish that any "action" under the foregoing definition was instituted against the debtor. Nor did it deny that such an action was not initiated prior to the filing of the petition for relief by the Debtor. Since suit was not brought the bank has not complied with the terms of the note in regards to entitlement to attorney's fees and none should be allowed.

■ Having failed to establish that it is entitled to any attorney's fees for services alleged to have been rendered it logically follows that it should not be granted the additional sum of $250.00 for the prosecution of the motion under which it seeks reimbursement of such fees. It has been held that the time spent in preparing an application for counsel fees is not a service for which the debtor should bear the cost. *In Re Absco, Inc.* (Bkrtcy.E.D.Pa.1982) 23 B.R. 250.

In its supporting memorandum the bank relies on *In Re Morris* (E.D.Ark.1978), 461 F.Supp. 1228, affd. (C.A.Ark.) 602 F.2d 826, 5 B.C.D. 683. Its reliance on this case is misplaced. It is clearly distinguishable. In *Morris* the contract provision was much broader. It reads as follows:

> "If this contract after default is placed in the hands of an attorney for collection, the buyer will pay the holder of the contract a reasonable attorney's fee not exceeding 10% of the unpaid principal and interest, such payment to be secured by the security interest created under the contract."

In the instant case the entitlement to an attorney's fee was restricted to the actual institution of a suit. Since none was brought there is no justification for allowing its attorney's fee.

## ORDER

In view of the foregoing,

IT IS ORDERED that the motion of the Rutland Bank is DENIED.