In re AMERICAN METALS
CORPORATION, Debtor.

Bankruptcy No. 81–20260.

United States Bankruptcy Court,
D. Kansas.

June 4, 1985.

Steven B. Sutton, Gage & Tucker, Kansas City, Mo., Charles D. Kugler, Kansas City, Kan., Wassberg, Gallagher & Jones, Kansas City, Mo., for debtor.

Carol Park, Wichita, Kan., Asst. U.S. Trustee.

E.L. Bittner, Leawood, Kan., Trustee.

Donald E. Bucher, Kansas City, Kan., for Trustee.

Thomas M. Mullinix, Kansas City, Kan., for Creditors Committee.

Michael R. Roser, Berman, DeLeve, Kuchan & Chapman, Kansas City, Mo., F. Stannard Lentz, Mission, Kan., for Walter E. Heller & Co.

Mendel Small and Scott J. Goldstein, Kansas City, Mo., for Alcoa.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

This matter is before the Court pursuant to a final application by Walter E. Heller & Company, a secured creditor of debtor, for attorney fees for other attorneys who allegedly rendered services relating to the January 26, 1983 trial which involved the attorneys fee of the creditors attorneys. The creditor Walter E. Heller & Company, was represented by Michael R. Roser of the firm of Berman, DeLeve, Kuchan & Chapman. The objecting trustee was represented by Donald Bucher of the firm of McDowell, Rice & Smith. Objecting creditor Aluminum Co. of America (ALCOA) was represented by Mendel Small and Scott J. Goldstein, of the firm of Spencer, Fane, Britt & Browne.

The debtor American Metals Corporation, filed its original petition under Chapter 11 of Title 11, United States Code on March 23, 1981. In September 1981, E.L. Bittner was appointed trustee and subsequently liquidated the estate after conversion to Chapter 7 of Title 11, United States Code.

The debtor was indebted to Walter E. Heller & Company (hereinafter referred to as "Heller") in the principal amount of $638,159.49 in which there was a perfected security interest in all of the debtor's property including accounts receivables, inventory and equipment.

Pursuant to Heller's application for its accrued principal debt plus interest and reasonable attorneys fees, the Court after trial on January 26, 1983, and its Memorandum Order of July 5, 1983, allowed a fee to its attorneys in the amount of $48,022.74. On August 24, 1983, Heller filed what it described as its "Final Application for Attorneys Fees & Expenses" and made the following requests:

1. $839.61 for fee to law firm of Sidley & Austin of Chicago, Illinois, for services rendered in April and June, 1981. Heller alleges this fee was

inadvertently omitted from its prior application.

2. $7,499.05 for services rendered from November 1982, to May 1983, by the law firm of Berman, DeLeve, Kuchan & Chapman, for preparation of proposed findings of fact and conclusions of law relating to the January 26, 1983 trial.

3. $245.00 for services rendered during November 1982 to May 1983 by F. Stannard Lentz as local counsel in January 26, 1983 trial.

4. $790.50 for professional services rendered by Jon Christlieb of Weeks, Thomas & Lysaught as expert witness in the January 26, 1983 trial.

The January 26, 1983 trial involved the issue of whether or not the attorneys for Heller were entitled to fees being paid out of the estate under 11 U.S.C. § 506(b) since the debtor American Metals, was oversecured.

The Court, after the January 26, 1983 trial, gave judgment to the Heller attorneys for $39,059.85 as a reasonable fee and interest of $8,962.89. *In re American Metals Corp.*, 31 B.R. 229 (Bkrtcy.Kan. 1983) (total $48,022.74).

An examination of all the time sheets of the requested fees for the law firm of Berman, DeLeve, Kuchan & Chapman; F. Stannard Lentz, attorney at law; and Jon Christlieb, expert witness, show that it was time spent assisting Heller in the recovery of its attorneys fees and not on behalf of the estate.

There is a split in authority as to recovery of fees for time spent in preparing fee applications and time spent in court supporting such applications. The following are cases holding that preparation of fee applications is in essence an unreimbursable cost of doing business:

1. *In re Absco, Inc.*, 23 B.R. 250 (Bkrtcy.E.D.Pa.1982);

2. *In re Erewhon, Inc.*, 21 B.R. 79, 89 (Bkrtcy.D.Mass.1982);

3. *Matter of Liberal Market, Inc.*, 24 B.R. 653, 660 (Bkrtcy.S.D.Ohio W.D. 1982);

4. *In re Horn & Hardart Baking Co.*, 30 B.R. 938, 943 (Bkrtcy.E.D.Pa. 1983);

5. *In re Trombley*, 31 B.R. 386, 388, (Bkrtcy.D.Vt.1983);

6. *In re Wilson Foods Corp.*, 36 B.R. 317, 323 (Bkrtcy.W.D.Okla.1984);

7. *In re Hotel Associates, Inc.*, 28 B.R. 332, 334 (Bkrtcy.E.D.Pa.1983);

8. *Lindy Bros. Builders, Inc. v. Am. Radiator, Etc.*, 540 F.2d 102, 111 (3rd Cir.1976).

The following are cases in which some recovery has been allowed for preparation of applications for attorneys' fees:

1. *Rose Pass Mines, Inc. v. Howard*, 615 F.2d 1088 (5th Cir.1980);

2. *Matter of Braswell Motor Freight Lines, Inc.*, 630 F.2d 348 (5th Cir. 1980);

3. *Matter of Rego Crescent Corp.*, 37 B.R. 1000, (Bkrtcy.E.D.N.Y.1984) (allowed ⅓ of customary rate for legal services);

4. *In re Bible Deliverance Evangelistic Church*, 39 B.R. 768 (Bkrtcy.E.D.Pa. 1984) (reasonable compensation allowed for preparation of fee application where debtor was solvent and there was not competing interest).

The Court finds that it is in the best interest of the estate and the majority of the creditors if the creditor Heller's motion is denied. Heller has received $48,022.74 as attorney fees and now applies for the estate to pay its other attorneys for aiding the primary attorneys in collecting their fee.

This Court finds it is compelled to follow the line of cases which hold that attorneys fees for time spent preparing and computing time records and presenting the same before the court may not be allowed nor paid out of the estate.

In the instant case, creditor Heller is trying to collect attorney fees for the attorneys that assisted in the preparation and

trial of the case in which the issue was the collection of attorney fees.

In *In re Horn & Hardart Baking Co.*, 30 B.R. 938, 943 (Bkrtcy.E.D.Pa.1983), the Court stated:

> "In the case of *Lindy Bros. Builders, Inc. v. Am. Radiator, Etc.*, 540 F.2d 102, 111 (3d Cir.1976) Lindy II), the Court held that services rendered in connection with a fee application are not compensable. On the basis of this well-established authority, all requests for compensation in connection with the fee application will be denied."

The Court finds that the fee of $839.61 requested by the law firm of Sidley & Austin, of Chicago, Illinois, for services rendered in April and June 1981, was not objected to and should be allowed.

The Court further finds that the objections to all other requests for fees in which services were rendered in 1982 and 1983 should be sustained and the application of Heller for attorney fees for other attorneys should be denied.

IT IS THEREFORE BY THE COURT, ORDERED That the application of Walter E. Heller & Company for the payment of $839.61 to the law firm of Sidley & Austin of Chicago, Ill. be and the same is hereby sustained.

IT IS FURTHER, BY THE COURT, ORDERED That Walter E. Heller & Company's application for the payment of all other fees be and the same are hereby overruled and denied.