**In re Vicki Lynn BURTON, Debtor.**

**In re ALOHA GELATO, INC., dba Evviva Gelato Italian Ice Cream, Debtor.**

**Bankruptcy Nos. 84–00532, 84–00364.**

United States Bankruptcy Court,
D. Hawaii.

Dec. 30, 1985.

Erik Zen, Honolulu, Hawaii, for movant.

Ralph Sahara, Honolulu, Hawaii, pro se.

MEMORANDUM DECISION AND ORDER RE: MOTION TO DETERMINE ALLOWABLE AND AWARD OF ATTORNEY'S FEES AND COSTS

JON J. CHINEN, Bankruptcy Judge.

On June 28, 1985, Vicki Lynn Burton filed a Motion to Determine Allowance and Award of Attorney's Fees and Costs of Ralph Sahara, former attorney for Vicki Lynn Burton. A hearing was held on June 28, 1985 before the undersigned Judge.

Having reviewed the time-sheets submitted, the Court finds that they are confusing and difficult to read. It is the responsibility of the attorney to provide the court with time-sheets that clearly set forth in detail the type of service rendered and the time spent for each service. In *In re Horn & Hardart Baking Co.*, 30 B.R. 938, 944 (Bkrtcy.E.D.Pa.1983), the court stated that it

> should not be required to indulge in guesswork, nor undertake extensive labor to justify a fee for an attorney who has not done so himself. We do not find it to be an unbearable burden to require an attorney seeking compensation to enlighten the Court as to the nature of his toil and the relation it bears to the matter at hand. Absent such a statement, compensation may not be allowed.

And, in *In re Nation Ruskin, Inc.*, 22 B.R. 207, 210 (Bkrtcy.E.D.Pa.1982), the court stated:

> General statements will not justify fee awards. Lumping-together services and failure to adequately specify how much time has been expended for each individual service is not acceptable for the court's inspection and evaluation.

Further, the Court notes that some of the services provided by Ralph Sahara may be those that should have been done by the trustee in this case.

IT IS HEREBY ORDERED that Ralph Sahara submit time-sheets clearly specifying the work done in connection with this case, and the reasons thereto, and a lodged order within 20 days from the entry of this order.

IT IS FURTHER ORDERED that in the event Ralph Sahara fails to do so, the fees and costs shall be DENIED and Ralph Sahara shall pay to the trustee the sums received without further order of this court.